# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WAYNE ANDERSON | * | CIVIL ACTION |
| JENNIFER ANDERSON | * | |
| | * | |
| VERSUS | * | NO. 2:16-cv-13733 |
| | * | |
| JERRY LARPENTER | * | JUDGE |
| | * | |
| | * | MAGISTRATE |

## COMPLAINT

### Jurisdiction

1. Jurisdiction of this court is invoked pursuant to 28 U. S. C., Sections 1331, 1343, 2201, 2202; 42 U. S. C., Sections 1983, 1988; and the First, Fourth, and Fourteenth Amendments to the United States Constitution. This is a civil suit seeking to enjoin and redress the deprivation, under color of state law, of the rights, privileges, and immunities of plaintiffs under the United States Constitution. Plaintiffs seek a temporary restraining order, a preliminary injunction, and a permanent injunction, attorney's fees, and any other necessary and proper relief. Departure from the Younger abstention doctrine is proper, as the actions taken by the State were in bad faith, and the purpose of such an action was to harass the Plaintiffs.

### Parties

2. Plaintiffs Wayne and Jennifer Anderson are citizens of the United States and the State of Louisiana. They are husband and wife and reside together at *** Saint Francis St., Houma, Louisiana.

3. Defendant is Jerry Larpenter, individually, and in his capacity as Sheriff of Terrebonne Parish, State of Louisiana.

**Facts**

4. On Tuesday, August the 2nd, 2016, Terrebonne Parish Sheriff's Deputies executed a search warrant on a home located at *** Saint Francis St., Houma, Louisiana, the home of Wayne and Jennifer Anderson. Pursuant to the warrant, the Deputies seized laptop computers and cell phones located in the home. The warrant was issued pursuant to an investigation into Criminal Defamation, LA R.S. 14:47. (See Search Warrant, Exhibit A)

5. The complainant in the criminal defamation investigation was Mr. Anthony Alford, who serves as a public official in his capacity as President of the Terrebonne Parish Levee and Conservation District Board of Commissioners (See Oath of Office dated May 18, 2016, Exhibit B). Mr. Alford claimed that statements made on a local anti-corruption blog "ExposeDat.in" and repeated on a Facebook account bearing the name "John Turner" were criminally defamatory statements.

6. Specifically, Mr. Alford believed that speech from both "ExposeDat" and "John Turner", speech that alleged that Mr. Alford profited from the insurance contract between he and the Sheriff's Office, despite the fact that the Sheriff's wife worked for Mr. Alford, constituted criminal defamation.

7. Within his complaint, Mr. Alford acknowledges that the thrust of the speech that he complains of is true, and he does, in fact, profit from the insurance contract between ASLR, the limited liability company of which he is a member, and the Terrebonne Parish Sheriff's Office. (See Affidavit for Search Warrant, Exhibit C)

8. In applying for the search warrant, the affiant Deputy did not go before the "duty Judge," the magistrate assigned to review search warrants in any given week, the Hon. David Arceneaux, and instead went to Judge Randall Bethancourt to review and sign the warrant.

9. After communicating with counsel for Mr. and Ms. Anderson, Judge Bethancourt agreed to stay the execution of the warrant insofar as he directed the Sheriff's Office to seal and deposit the evidence seized with the Clerk of Court, pending the hearing of Mr. and Ms. Anderson's motion to quash the search warrant, the basis of which was its unconstitutionality, as the alleged victim of defamation is a public official, and the speech complained of is true.

10. On the hearing of the Anderson's motion to quash the search warrant, Judge Bethancourt denied the motion, stating that the defamation statute was broad, and therefore he would allow a "look-see" to determine if the computers contained defamatory statements. The evidence remains in the custody of the Clerk of Court, pending a writ application to the Louisiana First Circuit Court of Appeals.

11. Plaintiffs do not know if a separate warrant to search the seized devices has been issued.

12. In statements to the media made after the execution of the warrant, Sheriff Larpenter stated, "If you're gonna lie about me and make it under a fictitious name, I'm gonna come after you."

13. The warrant obtained to seize property of the plaintiffs pursuant to an investigation of criminal defamation was not obtained with any expectation that valid convictions could be obtained against them. Defendants are aware, or absolutely should be aware, of Federal and State jurisprudence interpreting the relevant statute which indicates that what the plaintiff are alleged to have done would not constitute a crime. Their actions are frivolous, and have no objective hope of success. Their actions were taken in retaliation of the exercise of constitutional rights, and their actions were conducted in such a way as to amount to an abuse of discretion.

14. The issuance and execution of the warrant have violated plaintiffs' rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution by, in bad faith and for purposes of harassment, by the seizure of their property knowing that the allegations of the

complaint cannot form the basis for a proper conviction. Their sole reason for pursuing these charges is to punish plaintiffs for presumably having exercised their First Amendment rights and to deter them from future exercise of those rights.

## Demand

**WHEREFORE**, the premises considered, plaintiffs pray that this Honorable Court:

1. Assume jurisdiction of this cause and set it down promptly for a hearing.

2. Pending a hearing on this cause, grant a temporary restraining order restraining any state actor, their successors in office, their agents and employees, or any other state agency, and all other persons acting in concert with them from continuing the investigation of plaintiffs or initiating prosecution for criminal defamation.

3. Enter preliminary and permanent injunctions, pursuant to Rule 65 of the Federal Rules of Civil Procedure, to the same effect.

4. Enter a final judgment declaring that the search warrant and subsequent seizure of plaintiffs' property based upon a complaint of criminal defamation was unconstitutional and in violation of plaintiffs' rights.

5. Tax the cost of this action against defendants.

6. Award plaintiffs' attorneys' fees pursuant to 42 U. S. C., Section 1988.

7. Grant any further, different, or alternative relief to which the plaintiffs may be entitled in the premises while reserving to Plaintiffs their right to seek damages and relief pursuant to 42 U.S.C. 1983, et. seq. in a subsequent civil action.

**RESPECTFULLY SUBMITTED,**

**SMITKO LAW, APLC**

622 Belanger St.
P. O. Box 1669
Houma, LA   70361
Tel:   (985) 851-1313
Fax:   (985) 851-1250


 s/ Jerri G. Smitko
JERRI G. SMITKO, Bar Roll No. 17807
Trial Attorney

-AND-

**ARDOIN, MCKOWEN & ORY, LLC**

505 West Third Street
Thibodaux, Louisiana   70301
(985) 446-3333 Telephone
(985) 446-3300 Facsimile

 s/ David W. Ardoin
DAVID W. ARDOIN, Bar Roll No. 24282