UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WAYNE ANDERSON  CIVIL ACTION
JENNIFER ANDERSON

VERSUS  NO: 16-13733

JERRY LARPENTER  SECTION: "A" (1)

## ORDER AND REASONS

The following motions are before the Court: **Motion for Temporary Restraining Order (Rec. Doc. 5)** and **Motion for Preliminary Injunction (Rec. Doc. 6)** filed by plaintiffs Wayne Anderson and Jennifer Anderson. The sole defendant in the case is Jerry Larpenter, Sheriff of Terrebonne Parish who has not made an appearance.[1] Because the Court is persuaded that emergency relief is not appropriate in this case, the Court DENIES Plaintiffs' motions without a response from Defendant.

This lawsuit arises out of a state criminal matter in Terrebonne Parish, Louisiana. On August 2, 2016, a state court judge issued a warrant to search Plaintiffs' home for and to seize computers, laptops, iPads, cell phones, or any other electronic device that may be used to post information onto the internet. (Rec. Doc. 4-3 Exh. A). The affiant on the warrant was a deputy sheriff for Terrebonne Parish and the crime alleged was the misdemeanor of criminal defamation (La. R. S. § 14:47). The allegations involve a

---

[1] The record does not reflect service on Larpenter but counsel for the Sheriff is aware of the Complaint. Attorney Bill Dodd contacted the Court by telephone and left a message advising that Sheriff Larpenter withdrew from any involvement in the criminal matter at issue on August 5, 2016, before this lawsuit was filed.

Facebook post that purported to expose public corruption related to a public insurance contract involving Sheriff Larpenter's office. According to Plaintiffs, the deputy who obtained the warrant bypassed the duty magistrate and went directly to the district judge for the warrant.

Plaintiffs contend that the issuance of the warrant violated their First and Fourth Amendment rights, applicable to the states through the Fourteenth Amendment, and that Larpenter should have known that Plaintiffs' actions were not criminal. Plaintiffs contend that Larpenter acted in retaliation for Plaintiffs' exercise of their First Amendment rights. Plaintiffs seek to have this Court enjoin Larpenter from continuing any criminal investigation or initiating a prosecution for criminal defamation. Plaintiffs also ask the Court to find that the search warrant and subsequent seizure of their property based upon a complaint of criminal defamation was unconstitutional.

Plaintiffs have moved for emergency relief contending that they are suffering loss and injury due to the deprivation of the property seized pursuant to the warrant.[2] (Rec. Doc. 5-1 & 5-2, Plaintiffs' Affidavits).

The Court denies Plaintiffs' motions for two reasons. First, to the extent that Plaintiffs ask the Court to enjoin the state court criminal process, this request falls squarely within the ambit of the abstention recognized in *Younger v. Harris*, 401 U.S. 37 (1971). Under the rule set out in *Younger*, federal courts must refrain from considering requests for injunctive relief based upon constitutional challenges to state

---

[2] Plaintiffs also claim injury due to lost income and damage to their reputations in the community. These aspects of injury do not constitute irreparable injury for purposes of emergency relief.

criminal proceedings pending at the time the federal action is instituted. *Tex. Ass'n of Business v. Earle*, 388 F.3d 515, 518 (5th Cir. 2004) (citing *Younger*, 402 U.S. at 37; *Samuels v. Mackell*, 401 U.S. 66 (1971)). The "irreparable" injury that Plaintiffs allege in support of emergency relief pertains directly to the seizure that occurred pursuant to a warrant issued by a state court judge. Thus, even though a criminal case is not pending, the actions of the state judicial system are being challenged. Importantly, Plaintiffs have raised their constitutional challenges to the legality of the seizure in the state court system.

Second, the sole defendant in this case is Sheriff Larpenter. Even if *Younger* doesn't apply to Sheriff Larpenter's involvement in a criminal investigation, Plaintiffs fail to note that the search and seizure that underlie the request for emergency relief occurred pursuant to a warrant issued by a state court judge who is not amenable to suit. Plaintiffs take the position that it was clear that they had not committed a crime yet a judicial officer issued a warrant based on an affidavit that Larpenter is not accused of fabricating. In other words, the judge could very well have erred in concluding that probable cause existed to believe that a crime was committed but unless Larpenter lied to obtain the warrant an error of law is not attributable to him. Likewise, if charges are eventually brought, that decision would be made by the district attorney or state attorney general, neither of whom will be amenable to suit and neither of whose conduct is Larpenter's responsibility.

In sum, even if Plaintiffs have a cause of action for damages under 42 U.S.C § 1983 for a violation of their First and Fourth Amendment rights, they are not entitled to the emergency relief that they seek from a federal court.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Temporary Restraining Order (Rec. Doc. 5)** and **Motion for Preliminary Injunction (Rec. Doc. 6)** filed by plaintiffs Wayne Anderson and Jennifer Anderson are **DENIED**.

August 16, 2016

                                                   _____
                                                               JAY C. ZAINEY
                                                   UNITED STATES DISTRICT JUDGE