UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WAYNE ANDERSON** | * | **CIVIL ACTION NO. 2:16-cv-13733** |
| **JENNIFER ANDERSON** | * | |
| *Plaintiffs* | * | **JUDGE LANCE AFRICK** |
| | * | |
| v. | * | **MAG. JUDGE JANIS van MEERVELD** |
| | * | |
| **JERRY LARPENTER,** | * | **SECTION I** |
| **GORDON DOVE,** | * | |
| **ANTHONY ALFORD,** | * | |
| **TERREBONNE PARISH** | * | |
| **SHERIFF'S OFFICE,** | * | |
| **TERREBONNE PARISH** | * | |
| **CONSOLIDATED** | * | |
| **GOVERNMENT, and** | * | |
| **TERREBONNE LEVEE &** | * | |
| **CONSERVATION DISTRICT** | * | |
| *Defendants* | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## FIRST AMENDED COMPLAINT

**NOW INTO COURT**, through undersigned Counsel, come Plaintiffs, **WAYNE AND JENNIFER ANDERSON**, who hereby amend their original Complaint for Injunctive Relief as set forth herein. Plaintiffs incorporate all allegations set forth in their original Complaint to the extent that those allegations are not inconsistent with the facts and allegations set forth in the First Amended Complaint.

## JURISDICTION AND VENUE

**1.**

Jurisdiction over this matter is invoked pursuant to 28 U.S.C. Sections 1331 and 1343; 42 U.S.C. Sections 1983, 1986 and 1988; and, the First, Fourth and Fourteenth Amendments to the Constitution of the United States of America. This is a civil suit seeking redress for the wrongful

and purposeful deprivation, under color of state law, of the rights, privileges, protections and immunities granted the plaintiffs by the United States Constitution.

Venue is proper in this Judicial District pursuant to 28 U.S.C. 1391(b).

## PARTIES

Plaintiffs desire to amend Paragraph 2 of their original Complaint as follows:

**2**.

Plaintiffs, Wayne and Jennifer Anderson, are husband and wife who are citizens of the United States of America, State of Louisiana and who are domiciled in Terrebonne Parish in the city of Houma.

1. Plaintiffs desire to amend Paragraph 3 of their original Complaint as follows:

**3.**

Made Defendants herein are:

    a. **JERRY LARPENTER, individually, and in his official capacity as Sheriff of Terrebonne Parish, State of Louisiana;**

    b. **GORDON DOVE, individually, and in his official capacity as President of the Terrebonne Parish Consolidated Government;**

    c. **ANTHONY J. ALFORD, individually, and in his official capacity as President of the Terrebonne Levee and Conservation District Board of Commissioners;**

    d. **TERREBONNE PARISH SHERIFF'S OFFICE, a political subdivision of the State of Louisiana;**

    e. **TERREBONNE PARISH CONSOLIDATED GOVERNMENT, a political subdivision of the State of Louisiana; and**

    f. **TERREBONNE LEVEE & CONSERVATION DISTRICT, a political subdivision of the State of Louisiana.**

2. Plaintiffs desire to amend Paragraphs 4 – 14 of their original Complaint as follows:

## PRELIMINARY STATEMENT OF FACTS

**4.**

On or about July 2, 2016 an internet website titled "Exposedat" emerged that questioned the intertwined business and personal relationships between certain public officials in Terrebonne Parish as they related to public and private business dealings and contracts. Specifically, "Exposedat" discussed the relationships between Gordon Dove ("Dove"), President of the Terrebonne Parish Consolidated Government, Terrebonne Parish Sheriff Jerry Larpenter ("Larpenter"), and Anthony "Tony" Alford ("Alford"), President of the Terrebonne Levee and Conservation District Board of Commissioners. To promote public awareness of the issues exposed on the website, the social media platform of Facebook was utilized and an account under the pseudonym of "John Turner" was created.

**5.**

"Exposedat" brought to the public's attention various public contracts entered into between Dove and Alford, acting on or behalf of his insurance company Alford, Staples, Lapeyre and Robichaux Insurance ("ASLR) for Terrebonne Parish. For instance, an article entitled "You Scratch Mine and I'll Scratch Yours" discussed the fact that Defendant Dove gave his business partner, Defendant Alford, the health and benefits insurance contract for the employees of the Terrebonne Parish Consolidated Government. The article suggested that a possible reason Dove awarded the contract to Alford was to make up for the significant bad debt Alford personally guaranteed to pay for a defunct company previously owned by both Dove and Alford.[1]

---

[1] The case is currently pending before Judge Sarah Vance of the United States District Court for the Eastern District of Louisiana, No. 2:15-cv-5413.

3

6.

That same article also highlighted a second contract entered into by Alford's insurance company ASLR and the Terrebonne Parish Sheriff's Office ("TPSO"). The website postulated that a potential reason the brokerage contract for TPSO was awarded to ASLR was because Defendant Larpenter's wife, Priscilla Larpenter, was (and currently is) employed at ASLR as Alford's account service representative and office manager and is paid a generous salary.

7.

The website discussion sought only to generally highlight the relationships of the defendants and raise questions about the legitimacy of the bidding process between public and private entities especially given the business and personal relationships shared by the Defendants.  The identity of the author of the website was immediately sought after by the public officials highlighted on the website.

8.

On July 13, 2016, within two (2) weeks of the website's creation, TPSO Detective Lieutenant Glynn Prestenbach Jr. ("Prestenbach"), was contacted by Defendant, Sheriff Jerry Larpenter to investigate a criminal complaint made by and on behalf of Alford regarding "Exposedat" and the Facebook account of John Turner (*See* Exhibit A – June 13, 2016 Police Report by Detective Lieutenant Glynn Prestenbach, Jr.). Alford alleged that certain statements on ExposeDat.in that were later repeated on John Turner's Facebook page regarding Alford's profit from an insurance contract between ASLR and the TPSO constituted criminal defamation under LSA RS Sec. 14:47.

**9.**

For all purposes herein, the named individual defendants are public officials. Defendant Gordon Dove is the President of the Terrebonne Parish Consolidated Government. Defendant Jerry Larpenter is the Sheriff and head of the Terrebonne Parish Sheriff's Office. Defendant Anthony Alford is President of the Terrebonne Levee and Conservation District Board of Commissioners (*See* Exhibit "B" – Oath of Office sworn and attested to by Alford on May 18, 2016) and is thus also a public official. As previously stated, Alford is also a member of ASLR (*See* Exhibit "C" – Louisiana Secretary of State Business Record).

**10.**

Significantly, within the criminal complaint he made, Alford acknowledged that the bulk of the "speech" complained of as criminally defamatory was true. Alford did in fact stand to profit from the insurance contract between ASLR and the TPSO. Alford admitted as much in his recorded interview (*See* Exhibit D – Transcript of Recorded Interview of Anthony Alford – July 14, 2016). Despite the veracity of the statements made on the website, the events herein complained of ensued. The website, which was a lawful exercise of free speech, was ultimately individually and jointly targeted by Larpenter, Dove and Alford. These Defendants conspired together to injure, oppress, threaten and intimidate the author (Plaintiff) of the website as discussed in detail herein, and the plaintiffs suffered damages as a result.

**11.**

On Tuesday, August 2, 2016, deputies employed by the TPSO executed a search warrant at the private residence of the Plaintiffs, Wayne and Jennifer Anderson. The subject search warrant is attached hereto as Exhibit "E." Plaintiff, Officer Wayne Anderson, a police officer employed by the Houma Police Department was contacted directly by Detective Prestenbach via

text to come to his home immediately. Detective Prestenbach revealed no additional details to Officer Anderson. Officer Anderson immediately contacted his wife and advised her of the situation.

## 12.

Plaintiffs arrived at their family home to find five (5) TPSO Detectives and one (1) marked unit surrounding their property. In the front yard of his residence, Officer Anderson was physically served with a copy of the search warrant. After reviewing the search warrant, Officer Anderson contacted undersigned counsel, Jerri Smitko, who arrived at the Anderson residence later that afternoon. Upon reviewing the search warrant, Ms. Smitko immediately questioned its application and legality. Detective Prestenbach, failed to go before the "Duty Judge" and as such was the judge who should have reviewed and considered the warrant. Instead, Detective Prestenbach made application to Judge Randall Bethancourt to review and sign the subject search warrant, a procedure that was completely at odds with Local District Rule 9.3. Detective Prestenbach has stated that "He just did what Joe [Waitz] (The Terrebonne Parish District Attorney) and [Sheriff] Jerry [Larpenter] told [him] to do." Detective Prestenbach would later reiterate this statement to Plaintiff's Counsel following the raid of Plaintiffs' home.

## 13.

Acting pursuant to the illegal warrant, deputies from the TPSO entered the family home of the defendants and seized their private property, including all laptops, computers and cell phones located within the home. The deputies even seized the laptops of the Plaintiffs' children.

**14.**

Due to the large number of TPSO Detectives and the length of time taken for the execution of the search warrant, the Anderson's neighbors began to gather around their house. Detective Kody Voisin, one (1) of the five (5) Detectives executing the search warrant, read Officer Anderson, who was still in uniform, his Miranda rights in the front yard, in plain view and within earshot of the gathered neighbors.

3. Plaintiffs desire to amend Paragraphs 15 – 19 of their Original Complaint as follows:

**15**.

Following the raid of Plaintiffs' home, Captain Duane Farmer and Detective Troy Boquet, members of the Houma Police Department, arrived at the Plaintiffs' residence. Captain Farmer and Detective Boquet informed the Officer Anderson that he was being placed on administrative leave indefinitely and was the subject of an internal affairs investigation for failing to uphold the law and for engaging in conduct unbecoming of a law enforcement officer. Thereafter, they stripped Plaintiff of his badge, his duty weapon, his law enforcement commission card and his marked patrol unit. The actions taken by the Captain and Detective were again, visible to the Plaintiffs' neighbors and have caused embarrassment and irreparable damage to the Plaintiffs' reputation in the community.

**16.**

Later, after speaking with undersigned Counsel Jerri Smitko, Judge Bethancourt agreed to stay further execution of the search warrant by directing the TPSO to seal and deposit the evidence seized into the custody of the Terrebonne Parish Clerk of Court. Further action, i.e. the

physical search and analysis of the seized evidence would be stayed until Plaintiffs' Motion to Quash the Search Warrant was heard.

17.

At the hearing on Plaintiff's Motion to Quash the Search Warrant, Plaintiffs argued that the search warrant was factually and legally unsupportable as the alleged victim of the defamation was a public official[2] and the alleged defamatory speech, i.e. the statements regarding Alford's profits from the insurance contract between his ASLR and the Sheriff's Department, were true.[3]

18.

Despite the truth of Plaintiff's statements, which were in any case *constitutionally protected speech,* Judge Bethancourt denied the Plaintiffs' Motion to Quash, finding the defamation statute to be sufficiently broad to allow him a "look-see" to determine if the evidence wrongfully seized contained defamatory statements ( *See* Exhibit "F" Transcript of Motions to Quash Search Warrant, pgs. 14-15: 17-17). Writs were taken to the Louisiana First Circuit Court of Appeals which quashed the search warrant on August 25, 2016, and ruled that the search and seizure was unconstitutional (*See* Exhibit "G" Notice of Judgment and Disposition, Court of Appeal and First Circuit, August 25, 2016).

19.

The Defendants knew or clearly should have known that ample prior federal and state jurisprudence interpreting LA. R.S. 14:47 existed which clearly indicated that there was no legal justification for the actions taken by the Defendants. It is thus clear that the search warrant was obtained and executed as a deliberate retaliatory action that deprived the Plaintiffs of their

---

[2] *See* Exhibit "B."
[3] *See* Exhibit "D."

constitutional rights and caused damages. The issuance and execution of the search warrant wrongfully prevented Plaintiffs from exercising the Constitutional rights guaranteed to them by the First, Fourth and Fourteen Amendments to the United States Constitution. Defendants' actions were deliberate, unjustified, illegal and retaliatory and constitute an abuse of discretion and an abuse of public office which has caused the Plaintiffs damages.

4. Plaintiffs' incorporate each and every of the above allegations and desire to add Paragraphs 20 - 36 to their Original Complaint.

## MALICIOUS PROSECUTION AND CONSPIRACY

**20.**

Upon information and belief, all of the Defendants acted in concert to conspire to deprive Plaintiffs of their rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution by virtue of malicious prosecution, wrongful seizure of private property, wrongful suppression of free and protected speech and other intentional acts. The Defendants conspired together to initiate unjustified and factually and legally baseless criminal proceedings against the plaintiffs. The Defendants lacked probable cause and/or any viable legal justification to initiate the said proceedings. The Defendants acted maliciously and as a consequence of these actions, the Plaintiffs suffered deprivation of their liberties and have sustained damages.

**21.**

Defendants Gordon Dove, Jerry Larpenter and Anthony Alford all met and/or discussed a jointly accepted and agreed upon the illegal plan discussed hereinabove. Sometime immediately after a July 11, 2016 article entitled "You Scratch Mine & I'll Scratch Yours" was published on the website that detailed the business dealings between the Defendants, Defendant Dove

allegedly announced to the entire Synergy Bank[4] Board of Directors that he was going to shut the Exposedat website down and that he was having subpoenas issued. Defendant Anthony Alford lodged his criminal complaint within three (3) days of the article's publication.

**22.**

Once Alford filed his complaint, Sheriff Larpenter wasted no time in initiating an investigation by his office by instructing Detective Prestenbach to immediately conduct an investigation. Prestenbach did as instructed and immediately met with and interviewed Alford. Prestenbach also sought by subpoena records from Facebook, Inc. relating to John Turner, and within a period of five (5) days obtained information relating to various IP addresses (*See* Exhibit H – Results of Facebook Search Warrant). Prestenbach searched the IP addresses and noticed that they were assigned to a corresponding AT&T account. Prestenbach then subpoenaed records from AT&T to identify the IP addresses that corresponded to the Facebook posts of John Turner.

**23.**

On or about August 1, 2016, Prestenbach received and reviewed the documents which had been subpoenaed from AT&T. These records revealed that the computer used to send the various posts was located at the Plaintiffs' home address. Prestenbach immediately contacted Larpenter and advised him of the results of his investigation including the fact that that the address obtained was the residence of Wayne Anderson, who was a police officer for the Houma Police Department. Larpenter allegedly told Prestenbach to stand by for further action. Later, TPSO Detective Voisin called Prestenbach and advised him that he had spoken to Defendant Larpenter who wanted a search warrant issued, and that he [Larpenter] had spoken to

---

[4] Synergy Bank is a local bank based in Houma, Louisiana.

Terrebonne District Attorney Joe Waitz who also agreed to continue the investigation and obtain a search warrant.

**24.**

Once the Plaintiffs home address was known to Defendants and the search warrant had been signed, Defendants Larpenter and Dove further conspired by allowing Defendant Dove to make a "last minute" criminal defamation complaint approximately one hour and thirty minutes prior to the raid on the Anderson's home (*See* Exhibit "I" – Recorded Interview of Gordon Dove). Significantly, it was Defendant Larpenter who called Prestenbach to advise him of Defendant Dove's desire to make a statement.

**25.**

Finally, Defendant Larpenter was on the phone with Detective Voisin who was in the plaintiff's front yard prior to the commencement of the raid as can be heard, albeit briefly, on a segment of body camera footage subsequently produced by the TPSO. It is further alleged upon information and belief that at some point Sheriff Larpenter drove by the Anderson residence in order to "monitor" the raid.

**26.**

Plaintiff Wayne Anderson was placed on paid leave thereby impairing his ability to work details which contribute significantly to his income, thus resulting in damages

**27**.

As recounted on various media outlets, the Defendants, individually and/or collectively, did not hide their desires to prosecute the author of the website. Notably, one day after the August 2, 2016 raid, Defendant Larpenter, when asked whether there was a conflict in him

investigating an alleged crime involving himself, replied "If you're gonna lie about me and make it under a fictitious name, I'm gonna come after you." (*See* Exhibit J – August 3, 2016 "Terrebonne Sheriff raids house to expose "Exposedat" anti-corruption blog"). Defendant Dove also indicated his desire to prosecute the individuals behind the website in a news article where he referred to the individuals (Plaintiffs) as "[T]ermites who crawled out the woodwork" (*See* Exhibit K – "Website raid raises issues in Terrebonne Parish").

**28.**

The Defendants' retaliatory actions also resulted in the deliberate and purposeful circulation of an "anonymous letter"[5] within the Sheriff's Office which referenced very old criminal charges against the Plaintiff, Jennifer Anderson. The basis for the information in the letter resulted from an unjustified and perhaps illegal NCIC search conducted by the Sheriff's Office.[6] These previous charges, despite their irrelevance, were purposely broadcast on a local Houma television news station. The purposeful and malicious publication of this information resulted in the loss of Jennifer Anderson's job resulting in damages. The publication also resulted in harm to her reputation within the community, a reputation that she had diligently worked for years to rebuild and secure, all of which has caused damages.

**29.**

At the time of the wrongful acts described hereinabove, the Defendants and their agents and employees were acting under color of the laws and regulations of the State of Louisiana and its political subdivisions named herein.

---

[5]   *See* Exhibit "L."
[6]   All charges stemmed from over ten (10) years ago and are otherwise inadmissible as evidence. On August 4, 2016 Prestenbach ran a NCIC report on Plaintiff outlining Plaintiff's past charges. Upon information and belief, there was no justifiable reason for the NCIC search to have been conducted in the first instance and again, violated the civil rights of the Plaintiff.

**30.**

The Terrebonne Parish Sheriff's Office, Terrebonne Parish Consolidated Government and Terrebonne Parish Levee & Conservation District had or allowed to exist policies and/or customs which were in place that enabled their supervisors, employees and agents to act with deliberate indifference to the constitutional rights of individuals, including the Plaintiffs herein. (See *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).

**31.**

The acts described hereinabove are also violations of the Laws of the State of Louisiana, including but not limited to, the Articles found in Book III, Title V, Chapter 3 of the Louisiana Civil Code entitled *"Of Offenses and Quasi Offenses"*.

**32.**

At the time of Plaintiffs' protected speech, the Plaintiffs were acting as private citizens speaking as to a matter of public concern, and their interest in their private speech far outweighs the interest of the Defendants in promoting the efficient operation and administration of government services.

**33.**

Plaintiffs' protected speech was a substantial and motivating factor in the Defendant's collective decisions to deprive Plaintiffs of their clearly established constitutional rights.

**34.**

The Defendants collective actions against the Plaintiffs as described hereinabove violated their constitutional rights and were not objectively reasonable in light of the circumstances. Furthermore, the actions wrongfully taken against the Plaintiffs would deter a person of ordinary firmness from continuing to engage in protected speech.

**35.**

The Plaintiffs are entitled to an award of attorney fees and costs under 42 U.S.C. Sec. 1988(b).

**36.**

As a result of the wrongful and unconstitutional acts described herein, and other acts which may be discovered during the course of this litigation, the Plaintiffs have suffered damages, including, but not limited to:

   a. Loss of earnings.
   b. Loss of earning capacity.
   c. Loss of employment opportunity.
   d. Loss of employment.
   e. Loss to reputation in the past and future.
   f. Property damage.
   g. Emotional pain and suffering and mental anguish, past and future.
   h. Loss of pension or retirement benefits, and
   i. Any other item of damage which is shown at the trial of this matter.

Plaintiffs' incorporate by reference each and every allegation contained in their original Complaint and further desire to amend its "Demand" as follows:

## PRAYER FOR RELIEF

**WHEREFORE**, the premises considered and after due proceedings are had, Plaintiffs pray that this Honorable Court enter judgment in their favor against the Defendants for the following:

a.  Actual damages in an amount to be shown at trial.

b.  Punitive damages.

c.  Reasonable attorney fees.

d.  Prejudgment and post judgment interest.

e.  Costs of suit.

f.  All other relief the Court deems appropriate.

Respectfully Submitted:

*/s/ Jerri Smitko*_____
**Smitko Law, APLC**
Jerri Smitko, Esq. (#17807)
622 Belanger Street
P.O. Box 1669
Houma, LA 70361
Telephone: 985-851-1313
Facsimile: 985-851-1250
Email: Jerri@smitkolaw.com

*-and-*

**WILLIAMS LAW GROUP LLC**

*/s/ Conrad S.P. Williams, III*
Conrad S.P. Williams, III (#14499)
909 Poydras Street, Ste. 1625
New Orleans, Louisiana 70112
Telephone: 985-876-7595

                                              Facsimile: 504-200-0001
                                              Email:Duke@Williamslawgroup.org

**<u>PERSONAL SERVICE WILL BE MADE</u>**
**<u>BY THE PLAINTIFFS IN ACCORDANCE</u>**
**<u>WITH FRCP 4.</u>**